SUMMARY ORDER
Plaintiffs-Appellants Five Borough Bicycle Club and various individually named bicyclists (“Plaintiffs”) appeal from the denial of their motion for a preliminary injunction by the United States District Court for the Southern District of New York (Kaplan, /.). Plaintiffs brought the underlying action claiming that Defendants-Appellees the City of New York and the named New York City Police Department officials (“Defendants”) have violated Plaintiffs’ rights under the First and Fourteenth Amendments by the imposition of the city’s new Parade Rules, which require group bicycle rides of 50 or more participants to obtain a permit in advance. In particular, Plaintiffs allege that the Parade Rules impose a burdensome and disorganized permitting process, severely restrict their spontaneous group expression, materially limit their right to travel, and dictate the terms on which they may associate for political and other purposes. We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal.
In this appeal, Plaintiffs argue that the district court’s denial of a preliminary injunction was improper. Specifically, Plaintiffs contend that the district court committed fundamental error by: (1) failing to apply the requirement that restrictions on expressive conduct must be narrowly tailored, as outlined by the Supreme Court in Ward v. Rock Against Racism, 491 U.S. 781, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989); (2) making clearly erroneous factual findings, based on “uncritical deference to the city’s speculative and generalized assertions” and on “the court’s own perceptions” about group bicycling; and (3) failing to recognize the constitutional gravity of the burdens imposed by the Parade Rules on Plaintiffs’ rights to speech, travel, and association. We find no merit in these contentions.
A motion for a preliminary injunction prohibiting a government from taking action in furtherance of “the public interest pursuant to a statutory or regulatory scheme” should not be granted unless the movant “demonstrates both a likelihood of success on the merits, and the likelihood of irreparable harm if an injunction is not granted.” Vincenty v. Bloomberg, 476 F.3d 74, 83 (2d Cir.2007). When an injunction seeks to protect First Amendment rights, the Court must “make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression.” Metro. Opera Ass’n, Inc. v. Local 100 Hotel Employees & Restaurant Employees Int'l Union, 239 F.3d 172, 176 (2d Cir.2001) (internal quotation marks and citations omitted). This Court reviews the district court’s denial of a motion for a preliminary injunction for abuse of discretion. Bery v. City of New York, 97 F.3d 689, 693 (2d Cir.1996). A district court abuses its discretion when: “(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions.” Vincenty, 476 F.3d at 83 (internal quotation marks omitted). We see no abuse of discretion here.
The applicable legal principles are well established. The Supreme Court in Ward held that “a regulation of the time, place, or manner of protected speech must be narrowly tailored to serve the government’s legitimate, content-neutral interests but that it need not be the least restrictive *513 or least intrusive means of doing so.” Ward, 491 U.S. at 798, 109 S.Ct. 2746. “[T]he requirement of narrow tailoring is satisfied,” explained the Supreme Court, “so long as the ... regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.” Id. at 799, 109 S.Ct. 2746 (internal quotation marks omitted) (omission in original). At the same time, the Court cautioned that “[t]o be sure, this standard does not mean that a time, place, or manner regulation may burden substantially more speech than is necessary to further the government’s legitimate interests. Government may not regulate expression in such a manner that a substantial portion of the burden on speech does not serve to advance its goals.” Id. (citing Frisby v. Schultz, 487 U.S. 474, 485, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988)); Vincenty, 476 F.3d at 84.
This Court has stated that a content-neutral regulation furthering a legitimate government interest and imposing only an incidental burden on speech will be narrowly tailored “if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.” Vincenty, 476 F.3d at 84 (quoting Turner Broad. Sys., Inc. v. Fed. Commc’n Comm’n, 512 U.S. 622, 662, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994)) (internal quotation marks and emphasis omitted). In other words, “ ‘[t]he essence of narrow tailoring’ is having the regulation ‘foeus[ ] on the source of the evils the city seeks to eliminate ... and eliminate[ ] them without at the same time banning or significantly restricting a substantial quantity of speech that does not create the same evils.’ ” Id. at 84-85 (quoting Ward, 491 U.S. at 799 n. 7, 109 S.Ct. 2746) (alterations in Vincenty).
In considering Plaintiffs’ preliminary injunction motion in this case, the district court correctly stated the standard for the granting of such a motion, and it correctly described the standards stated by the Supreme Court and this Court with regard to the balancing process that the Constitution requires where governmental regulations have an effect on speech. We cannot conclude that the district court’s decision rested on an error of law.
Plaintiffs claim that the district court made errors in its findings of fact, contending that the court ignored evidence that the majority of their group bicycle rides did not implicate the City’s interests in traffic flow, safety, or public convenience. The record shows, however, that the district court expressly considered Plaintiffs’ expert testimony that “group bicycle rides of 50 or more ‘enhance safety and do not disrupt traffic.’” Five Borough Bicycle Club v. City of New York, 483 F.Supp.2d 351, 371 (S.D.N.Y.2007). The court also considered Plaintiffs’ attempts to show that group bicycling can be managed by ordinary traffic rules, and it critically examined the apparent inconsistency in Lieutenant Caneco’s statements. Id. at 371-73.
While the district court recognized that not every group bicycle ride of 50 or more participants will necessarily disrupt traffic, endanger others, or disobey traffic laws, it concluded that because “group bicycle rides of that size can and do present such risks” the Parade Rules requiring advance permitting of all group rides of 50 or more participants were likely justified. Id. at 374-75. “At some point,” the district court wrote, “bicycle rides of a certain magnitude require coordination with the police for everyone’s safety.” Id. at 375 (internal quotation marks and citation omitted). The court also noted that the Parade Rules leave open alternative channels of expression: the rules do not ban group bicycle riding on public roads and leave almost all roads open to group cycling provided a *514 permit is obtained; the rules do not appear to have any “effect on the quantity or content of [Plaintiffs’] expression,” id. (quoting Ward, 491 U.S. at 802, 109 S.Ct. 2746); and in the event a permit is denied, the rules require the police department to employ reasonable efforts to offer the applicant a suitable alternative. See id.
In sum, while acknowledging that “some groups of that size will proceed safely and with no detrimental impact on traffic,” the court determined that, on balance, Defendants provided sufficient evidence to justify denial of a preliminary injunction prohibiting enforcement of the 50-person threshold. Id. at 357, 371-73. The district court’s factual findings were not “clearly erroneous” and accordingly do not represent an abuse of its discretion. Vin-centy, 476 F.3d at 83 (internal quotation marks omitted).
Finally, we speak to the severity of the burden imposed by the Parade Rules on Plaintiffs’ constitutional rights. The court explicitly recognized that Plaintiffs’ rights to travel, freedom of association, and speech were potentially implicated by the Parade Rules. Five Borough Bicycle Club, 483 F.Supp.2d at 361-69. The court then undertook a point-by-point analysis of Plaintiffs’ complaints about the burdens imposed by the rules, in each case weighing the degree to which the alleged harm might encumber Plaintiffs’ constitutional rights. It also considered in-depth whether the rules left open ample alternative channels of expression. Id. at 375. The court did not draw any legally erroneous conclusions while so doing, nor were its factual findings with respect to this process “clearly erroneous.” Vincenty, 476 F.3d at 83 (internal quotation marks omitted). The court appropriately exercised its discretion.
Accordingly, we find that the district court did not abuse its discretion in declining to grant Plaintiffs’ motion for a preliminary injunction. We have considered all of Plaintiffs’ contentions on this appeal and have found them to be without merit. For the reasons stated herein, we AFFIRM the judgment of the district court.